IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMY C. CHISUM,

      Petitioner,                      No. CIV S-10-0930 EFB P

    vs.

RICHARD IVES,

      Respondent.                 <u>ORDER</u>

                              /

      Petitioner is a state prisoner proceeding without counsel seeking an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This case is before the undersigned pursuant to the parties' consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(1)-(2). For the following reasons, petitioner's application is dismissed as moot.

**I.   Background**

      After a conviction for tax evasion pursuant to 18 U.S.C. § 2 and 26 U.S.C. § 7201, petitioner was sentenced to 97 months in prison. Dckt. No. 13 at 8. His sentence was later modified to 66 months in prison. *Id.*

      Petitioner filed the instant federal petition for writ of habeas corpus on April 19, 2010. Therein, he requests a court order compelling his transfer to a halfway house or home

/////

confinement. Respondent filed an answer on December 6, 2010. Petitioner did not file a traverse.

On October 19, 2010, after the instant petition was filed, petitioner was transferred to the Phoenix Residential Re-Entry Center (RRC), in Phoenix, Arizona.[1] Dckt. 13 at 8. On October 29, 2010, petitioner was transferred to home confinement. *Id.* On April 13, 2011, petitioner was released from custody. Dckt. No. 14-1.

## II. Standards of Review

Relief by way of a writ of habeas corpus extends to a prisoner in custody under the authority of the United States who shows that his custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). A federal prisoner who challenges the validity or constitutionality of his conviction must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. A federal prisoner challenging the manner, location, or conditions of the execution of a sentence, as petitioner does here, must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000).

## III. Analysis

Petitioner requests that this court order the Bureau of Prisons (BOP) to transfer him to an RRC for up to the twelve month period authorized by 18 U.S.C. § 3624(c), as amended by the Second Chance Act of 2007, Pub.L. No. 110-199. Dckt. No. 1 at 1. In the alternative, petitioner requests home detention. He argues that a transfer would giver him "greater hope of success at release and reentry." *Id.* Respondent argues that the petition should be dismissed for lack of subject matter jurisdiction and because it is moot. Dckt. No. 13.

Assuming arguendo that this court has subject matter jurisdiction over petitioner's claims, this action is moot and must be dismissed on that basis. A case is moot if it does not

---

[1] RRCs are pre-release programs also referred to as halfway houses, community corrections centers (CCC) and work release programs. *United States v. Miller*, 547 F.3d 1207, 1208 n.1 (9th Cir. 2008).

satisfy the case-or-controversy requirement of Article III, § 2, of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "The case-or-controversy requirement demands that, through all stages of federal judicial proceedings, the parties continue to have a personal stake in the outcome of the lawsuit." *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001) (internal quotation marks and citation omitted). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer*, 523 U.S. at 7 (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). A challenge to a prison sentence becomes moot once the sentence has been served unless the petitioner continues to suffer collateral consequences. *Caswell v. Calderon*, 363 F.3d 832, 836 (9th Cir. 2004); *United States v. Palomba*, 182 F.3d 1121, 1123 (9th Cir. 1999). Any nonstatutory consequences of the sentence, such as its effect, apart from the conviction, on employment prospects or on the sentence imposed in a future proceeding, are insufficient to avoid mootness. *Lane v. Williams*, 455 U.S. 624, 631-33 (1982).

      This court cannot provide the relief sought in the habeas petition, which is placement in a halfway house or home detention for part of petitioner's sentence, because petitioner has been released from custody. There is no suggestion or indication from the record that petitioner will suffer a serious collateral or continuing injury as a result of the BOP's failure to grant earlier placement in an RRC or in home detention. Because petitioner has completed the challenged confinement, his claim is moot and must be dismissed. *See United States v. Brandau*, 578 F.3d 1064, 1067 (9th Cir. 2009) ("Where the activities sought to be enjoined already have occurred, and the appellate courts cannot undo what has already been done, the action is moot, and must be dismissed") (quoting *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 871 (9th Cir. 2002)); *Nonnette v. Small*, 316 F.3d 872, 875-76 (9th Cir. 2002) (petitioner could proceed with a civil rights action where a petition for writ of habeas corpus attacking punishment imposed as the result of a disciplinary proceeding would have to be dismissed as moot because petitioner had

been released from prison); *Picron-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (a claim is moot when the court no longer has power to grant the requested relief); *Schlenkerv v. Garcia*, No. 09-cv-01416-MSK, 2011 WL 116848 (D. Colo. January 13, 2011) (§ 2241 application challenging BOP's failure to place petitioner in an RRC for longer than 147 days denied as moot because petitioner had been released from prison).

**IV. Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application for a writ of habeas corpus is denied as moot.

2. The Clerk is directed to close the case.

3. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

DATED:   December 7, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4